UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-20433-CR-BLOOM/ELFENBEIN

18 U.S.C. § 842(a)(3)(A)
26 U.S.C. § 5861(d)
26 U.S.C. § 5861(i)
18 U.S.C. § 922(g)
18 U.S.C. § 842(i)(1)
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(2)(B)
26 U.S.C. § 5872
18 U.S.C. § 924(d)(1)

FILED BY MHU D.C.
Oct 13, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

UNITED STATES OF AMERICA

v.

EDWIN MIR,

Defendant.
_______________________________/

**INDICTMENT**

The Grand Jury charges that:

**COUNT 1**
**Unlawful Transport and Receipt of Explosive Materials**
**(18 U.S.C. § 842(a)(3)(A))**

On or about June 8, 2026, in Miami-Dade County, in the Southern District of Florida, the defendant,

**EDWIN MIR,**

did knowingly transport, cause to be transported, and receive any explosive materials, as defined in Title 18, United States Code, Section 841, that is, an explosive and incendiary device in the form of a grenade, without the required license and permit, in violation of Title 18, United States Code, Sections 842(a)(3)(A) and 2.

**COUNT 2**
**Receipt and Possession of an Unregistered Destructive Device**
**(26 U.S.C. § 5861(d))**

On or about June 8, 2026, in Miami-Dade County, in the Southern District of Florida, the defendant,

**EDWIN MIR,**

did knowingly receive and possess a firearm, that is, an explosive and incendiary device in the form of a grenade, which is a destructive device, as defined in Title 26, United States Code, Section 5845(a) and (f), that was not registered to the defendant in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Section 5841, in violation of Title 26, United States Code, Section 5861(d), and Title 18, United States Code, Section 2.

**COUNT 3**
**Receipt and Possession of a Destructive Device Not Identified by a Serial Number**
**(26 U.S.C. § 5861(i))**

On or about June 8, 2026, in Miami-Dade County, in the Southern District of Florida, the defendant,

**EDWIN MIR,**

did knowingly receive and possess a firearm, that is, an explosive and incendiary device in the form of a grenade, which is a destructive device, as defined in Title 26, United States Code, Section 5845(a) and (f), that was not identified by a serial number, as required by Title 26, United States Code, Section 5842, in violation of Title 26, United States Code, Section 5861(i), and Title 18, United States Code, Section 2.

**COUNT 4**
**Possession of a Destructive Device by a Convicted Felon**
**(18 U.S.C. § 922(g))**

On or about July 1, 2026, in Miami-Dade County, in the Southern District of Florida, the defendant,

**EDWIN MIR,**

knowingly possessed a destructive device, that is, an explosive and incendiary device in the form of a grenade, in and affecting interstate and foreign commerce, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Sections 922(g)(1) and 2.

**COUNT 5**
**Unlawful Transport and Receipt of Explosive Materials**
**(18 U.S.C. § 842(a)(3)(A))**

On or about July 1, 2026, in Miami-Dade County, in the Southern District of Florida, the defendant,

**EDWIN MIR,**

did knowingly transport, cause to be transported, and receive any explosive materials, as defined in Title 18, United States Code, Section 841, that is, an explosive and incendiary device in the form of a grenade, without the required license and permit, in violation of Title 18, United States Code, Sections 842(a)(3)(A) and 2.

**COUNT 6**
**Receipt and Possession of an Explosive by a Convicted Felon**
**(18 U.S.C. § 842(i)(1))**

On or about July 1, 2026, in Miami-Dade County, in the Southern District of Florida, the defendant,

**EDWIN MIR,**

knowing that he had been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly receive and possess any explosive, that is, an explosive and incendiary device in the form of a grenade, which had been shipped and transported in and affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 842(i)(1) and 2.

**COUNT 7**
**Receipt and Possession of an Unregistered Destructive Device**
**(26 U.S.C. § 5861(d))**

On or about July 1, 2026, in Miami-Dade County, in the Southern District of Florida, the defendant,

**EDWIN MIR,**

did knowingly receive and possess a firearm, that is, an explosive and incendiary device in the form of a grenade, which is a destructive device, as defined in Title 26, United States Code, Section 5845(a) and (f), that was not registered to the defendant in the National Firearms Registration and Transfer Record, as required by Title 26, United States Code, Section 5841, in violation of Title 26, United States Code, Section 5861(d), and Title 18, United States Code, Section 2.

**FORFEITURE ALLEGATIONS**

1. The allegations of this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **EDWIN MIR**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 842, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and (G), and 982(a)(2)(B); any property involved in such offense, or used or intended to be used to commit such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(G); any property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as the result of such violation, pursuant to Title 18, United States Code, Section 982(a)(2)(B); and any explosive materials involved or used or intended to be used in such violation, pursuant to Title 18, United States Code, Section 844(c)(1), and Title 28, United States Code, Section 2461(c).

3. Upon conviction of a violation of Title 26, United States Code, Section 5861, as alleged in this Indictment, the defendant shall forfeit to the United States any firearm involved in the commission of such offense, pursuant to Title 26, United States Code, Section 5872.

4. Upon conviction of a violation of Title 18, United States Code, Section 922(g), or any other criminal law of the United States, as alleged in this Indictment, the defendant shall forfeit to the United States any firearm and ammunition involved in or used in the commission of such offense, pursuant to Title 18, United States Code, Section 924(d)(1).

[THIS SPACE IS INTENTIONALLY BLANK]

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 981(a)(1)(G), 982(a)(2)(B), 924(d)(1), and Title 26, United States Code, Section 5872, and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c).

FOREPERSON

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

LINDSEY MAULTASCH
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

EDWIN MIR,

Defendant. /

CASE NO.: 26-20433-CR-BLOOM/ELFENBEIN

CERTIFICATE OF TRIAL ATTORNEY

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
☑ Miami ☐ Key West ☐ FTP
☐ FTL ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take 6 days for the parties to try.
5. Please check appropriate category and type of offense listed below:

| (Check only one) | | (Check only one) |
|---|---|---|
| I | ☐ 0 to 5 days | ☐ Petty |
| II | ☑ 6 to 10 days | ☐ Minor |
| III | ☐ 11 to 20 days | ☐ Misdemeanor |
| IV | ☐ 21 to 60 days | ☑ Felony |
| V | ☐ 61 days and over | |

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge _____ Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
14. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Yeney Hernandez during her tenure at the U.S. Attorney's Office, which concluded on April 2, 2026? No
17. Did this matter involve the participation of or consultation with Magistrate Judge Brandy Brentari Galler during her tenure at the U.S. Attorney's Office, which concluded on July 31, 2026? No

By: _____
Lindsey Maultasch
Assistant United States Attorney
District Court No. A5502705

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: EDWIN MIR

**Case No**: **26-20433-CR-BLOOM/ELFENBEIN**

Counts #: 1 & 5

Unlawful Transport and Receipt of Explosive Materials

Title 18, United States Code, Section 842(a)(3)(A)
* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

Counts #: 2 & 7

Receipt and Possession of an Unregistered Destructive Device

Title 26, United States Code, Section 5861(d)
* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $10,000

Count #: 3

Receipt and Possession of a Destructive Device Not Identified by a Serial Number

Title 26, United States Code, Section 5861(i)
* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $10,000

***Refers only to possible term of incarceration, supervised release, and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** EDWIN MIR

**Case No:** **26-20433-CR-BLOOM/ELFENBEIN**

Count #: 4

Possession of a Destructive Device by a Convicted Felon

Title 18, United States Code, Section 922(g)
* **Max. Term of Imprisonment:** 15 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

Count #: 6

Receipt and Possession of an Explosive by a Convicted Felon

Title 18, United States Code, Section 842(i)(1)
* **Max. Term of Imprisonment:** 10 years
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** 3 years
* **Max. Fine:** $250,000

***Refers only to possible term of incarceration, supervised release, and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**